MORALES, PETITIONER AND APPELLANT, *v.* ROMEU, CONTESTANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action for Designation of Heirs.

MOTION of Appellee for Dismissal of the Appeal.

No. 1819.—Decided April 22, 1918.

APPEAL—JUDGMENT.—Section 296 of the Code of Civil Procedure gives an appellant the option of appealing from the whole judgment or from any part thereof which prejudices him.

ID.—ID.—JURISDICTION—IDENTIFICATION.—In general this court acquires jurisdiction when the judgment appealed from is sufficiently identified.

ID.—TRANSCRIPT—JURISDICTION.—When an appellee wishes to have an appeal dismissed for lack of jurisdiction and no transcript has been filed in this court it has been made the duty of said appellee to bring a certificate from the secretary to show the state of facts in the court below.

ID. — ID. — ID. — When the transcript is filed and apparently in logical order of dates the appellee cannot rely on mistakes in a garbled certificate to deprive this court of jurisdiction, but must show this court, if such be the case, that it is in fact without jurisdiction.

The facts are stated in the opinion.

*Mr. Luis Montalvo Guenard* for the appellant.

*Mr. Angel A. Vázquez* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Motion to dismiss an appeal. The first ground is that the appeal is ambiguous inasmuch as the notice fails to specify from what part of the judgment the said appeal is taken. Section 296 of the Code of Civil Procedure provides:

"An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice

stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney."

Appellant filed a petition in the District Court of Maya-güez asking that a widow be declared sole heir of the estate of José Romeu y Giacomaggi and that the petitioner and others be declared sole heirs of the estate of the widow. On opposition, counter petition and trial the court rendered a single judgment declaring the oppositors heirs of José Romeu and in the same judgment declaring the petitioner and appellant, with others, heirs of the said widow. The theory of the appellee is that the latter pronouncement favored the appellant and that hence he should have specified the part of the judgment from which he appealed.

As the greater includes the less and as no one can appeal from a judgment that does not prejudice him, it would seem to be a matter of common sense that the appellant must be only appealing from that part of the whole judgment which prejudices him.

Section 296, above transcribed, we think gives an appellant an option of appealing from a whole judgment that prejudices him or from any part thereof that so prejudices him. When he appeals without specifying, he is appealing from that part that prejudices. We are familiar with appeals by both sides, and that each appeals from the whole judgment is common practice.

Neither party has cited us to any case which interprets the said section for or against the contention of appellee. In general this court acquires jurisdiction when the judgment appealed from is sufficiently identified (3 C. J. 1087), as here.

Appellee also says that this court has not acquired jurisdiction for another reason. This reason is not set out in the motion for dismissal. Appellee mentions that this court is without jurisdiction, but only after repeating in paragraph (b) that by reason of the ambiguity in paragraph (a). Then follows a general statement that the record shows that this court lacks such jurisdiction. As appellee did have a more

concrete reason in mind, this method gave neither the appellant nor this court the benefit of a full discussion. If we had any doubt of the disposition of the case we should give appellant a chance to be heard.

At the hearing only appellee says that the appeal came too late. This averment is based solely and exclusively on the wording of the certificate made by the two attorneys to the transcript of the record. After saying that the foregoing record was a true and faithful transcript of the proceedings in the court below, they go on to say, "to formulate the appeal taken on January 30, 1918, from the judgment notified to the appellant on December 21, 1917." This was a patent ambiguity.

The specification of the date of the notice of the appeal was perhaps unnecessary, as the certificate of the two attorneys applied to the whole transcript. If the appellant admitted notice of the judgment, the only question before us is what is the true date of the judgment and whether the appeal was taken within the necessary time thereafter, or at least from the time of the notice.

The record in this court is the transcript and not the certificate. The latter only gives verification to the transcript. The judgment was dated on January 18, 1918. The appeal was notified to appellee on January 24, 1918, and filed on January 30, 1918, and appellant admitted having been notified on January 21, 1918. Hence the appeal, being within twelve days of the judgment, was clearly in time. The date of the notice was immaterial. The date of the notice of judgment mentioned in the certificate was mistaken.

When in general an appellee wishes to have an appeal dismissed for lack of jurisdiction and there is no transcript here, it has been made the duty of said appellee to bring a certificate from the secretary to show the state of the facts in the court below. When the transcript is here and apparently in logical order of dates the appellee can not rely on

mistakes in a garbled certificate to deprive this court of juris-
diction, but must show the court, if such be the case, that
it is in fact without jurisdiction.

The motion must be

.                                                    *Overruled.*

Chief Justice Hernández and Justices del Toro, Aldrey
and Hutchison concurred.